EMR:KCB/RAB
F. #2022R00013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN MERRONE,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   MAY 20,  2025    \*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-CR-171
(T. 18, U.S.C. §§ 7, 2241(b), 2242(2),
2244(a)(1), 2244(a)(2), 2244(b),
2253(a)(2), 2253(a)(3), 2253(b), 3238
and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Dora Lizette Irizarry
Magistrate Judge Lara K. Eshkenazi

COUNT ONE
(Aggravated Sexual Abuse – Jane Doe)

    1.    On or about September 9, 2019, on a vessel in the special maritime jurisdiction of the United States, to wit: aboard the M/V Liberty Glory, a vessel belonging to a corporation created by or under the laws of the United States, which originated in Bahrain and was bound for Corpus Christi, Texas, the defendant JOHN MERRONE did knowingly and intentionally render Jane Doe, an individual whose identity is known to the Grand Jury, unconscious, and administer to Jane Doe without the knowledge or permission of Jane Doe, a drug, intoxicant, or other similar substance and thereby substantially impaired the ability of Jane Doe to appraise or control conduct and caused Jane Doe to engage in a sexual act, as defined in Title 18, United States Code, Sections 2246(2)(A) and 2246(2)(C), to wit: contact between MERRONE's penis and Jane Doe's vulva and the penetration of the genital opening of another,

with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

(Title 18, United States Code, Sections 7, 2241(b), 3238 and 3551 et seq.)

## COUNT TWO
(Sexual Abuse – Jane Doe)

2.    On or about September 9, 2019, on a vessel in the special maritime jurisdiction of the United States, to wit: aboard the M/V Liberty Glory, a vessel belonging to a corporation created by or under the laws of the United States, which originated in Bahrain and was bound for Corpus Christi, Texas, the defendant JOHN MERRONE, did knowingly and intentionally engage in a sexual act, as defined in Title 18, United States Code, Section 2246(2)(C), to wit: the penetration of the genital opening of another, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, with Jane Doe, when Jane Doe was incapable of apprising the nature of the conduct and physically incapable of declining participation in, and communicating unwillingness to engage in, that sexual act.

(Title 18, United States Code, Sections 7, 2242(2), 3238 and 3551 et seq.)

## COUNT THREE
(Abusive Sexual Contact – Jane Doe)

3.    On or about September 9, 2019, on a vessel in the special maritime jurisdiction of the United States, to wit: aboard the M/V Liberty Glory, a vessel belonging to a corporation created by or under the laws of the United States, which originated in Bahrain and was bound for Corpus Christi, Texas, the defendant JOHN MERRONE, did knowingly and intentionally engage in sexual contact, as defined in Title 18, United States Code, Section 2246(3), to wit: the touching, either directly or through the clothing, of the genitalia of another,

with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, with Jane Doe, without Jane Doe's permission.

(Title 18, United States Code, Sections 7, 2244(b), 3238 and 3551 et seq.)

## COUNT FOUR
(Abusive Sexual Contact – Jane Doe)

4.    On or about September 9, 2019, on a vessel in the special maritime jurisdiction of the United States, to wit: aboard the M/V Liberty Glory, a vessel belonging to a corporation created by or under the laws of the United States, which originated in Bahrain and was bound for Corpus Christi, Texas, the defendant JOHN MERRONE, did knowingly and intentionally engage in sexual contact, as defined in Title 18, United States Code, Section 2246(3), to wit: the touching, either directly or through the clothing, of the genitalia of another, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, with Jane Doe, in a manner that would violate Title 18, United States Code, Section 2241(b) had the sexual contact been a sexual act, to wit: by knowingly and intentionally rendering Jane Doe unconscious, and administering to Jane Doe without the knowledge or permission of Jane Doe, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of Jane Doe to appraise or control conduct and causing Jane Doe to engage in sexual contact.

(Title 18, United States Code, Sections 7, 2244(a)(1), 3238 and 3551 et seq.)

## COUNT FIVE
(Abusive Sexual Contact – Jane Doe)

5.    On or about September 9, 2019, on a vessel in the special maritime jurisdiction of the United States, to wit: aboard the M/V Liberty Glory, a vessel belonging to a corporation created by or under the laws of the United States, which originated in Bahrain and

was bound for Corpus Christi, Texas, the defendant JOHN MERRONE, did knowingly and intentionally engage in sexual contact, as defined in Title 18, United States Code, Section 2246(3), to wit: the touching, either directly or through the clothing, of the genitalia of another, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, with Jane Doe, in a manner that would violate Title 18, United States Code, Section 2242(2) had the sexual contact been a sexual act, to wit: when Jane Doe was incapable of apprising the nature of the conduct and physically incapable of declining participation in, and communicating unwillingness to engage in that sexual contact.

(Title 18, United States Code, Sections 7, 2244(a)(2), 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

6.      The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 2253(a)(2) and 2253(a)(3), which requires the forfeiture of: (a) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (b) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

7.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a)      cannot be located upon the exercise of due diligence;
>
> (b)      has been transferred or sold to, or deposited with, a third party;
>
> (c)      has been placed beyond the jurisdiction of the court;
>
> (d)      has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a)(2), 2253(a)(3), and 2253(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/

FOREPERSON

by Alixandra Smith, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK