EMR: RAB/KCB F.# 2022R00013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                              25-CR-171 (RER)

JOHN MERRONE,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S

## MOTIONS IN LIMINE TO ADMIT CERTAIN UNCHARGED ACTS

# Table of Contents

I.  PRELIMINARY STATEMENT ................................................................................ 1

II. ARGUMENT .......................................................................................................... 1

    A.  ADMISSION OF UNCHARGED ALLEGATIONS RAISES SERIOUS DUE PROCESS
    CONCERNS ........................................................................................................... 1

    B.  RULE 403 BALANCING REQUIRES EXCLUSION ........................................... 2

        i.  *Limited Probative Value* .......................................................................... 3

        ii.  *Extraordinary Risk of Unfair Prejudice* ................................................ 3

        iii.  *Risk of Mini-Trials and Jury Confusion* ................................................ 3

    C.  ANALYSIS OF EACH PROFFERED ALLEGATION ......................................... 4

        i.  *Jane Doe #1 & Jane Doe #2* ..................................................................... 5

        ii.  *Jane Doe #3 (1999 – Italy)* ...................................................................... 5

        iii.  *Jane Doe #4 (2011 – Florida)* ................................................................. 7

        iv.  *Jane Doe #5 (2021)* ................................................................................. 9

    D.  THE CUMULATIVE AFFECT OF ALL PRIOR ALLEGATIONS WILL CREATE
    SUBSTANTIAL UNFAIR PREJUDICE ................................................................. 11

    E.  THE INTRODUCTION OF THIS UNCHARGED CONDUCT RAISES ....................... 12
    SUBSTANTIAL CONSTITUTIONAL CONCERNS ............................................. 12

III. CONCLUSION ..................................................................................................... 14

# Table of Authorities

## Cases

*Dowling v. United States, 493 U.S. 342, (1990)* ........................................................................... 5, 16

*Estelle v. McGuire, 502 U.S. 62 (1991)* ........................................................................................ 5

*Griffin v. California,* 380 U.S. 609 (1965)........................................................................................ 16

*Johnson v. Elk Lake School District,* 283 F.3d 138 (3d Cir. 2002) ...................................... 9, 10, 17

*Old Chief v. United States*, 519 U.S. 172 (1997) ........................................................................ 6, 12

*Taylor v. Kentucky*, 436 U.S. 478 (1978) ...................................................................................... 15

*United States v. Aminy,* 15 F.3d 258 (2d Cir. 1994) ............................................................. 7, 8, 17

*United States v. Awadallah,* 436 F.3d 125 (2d Cir. 2006) .........................................................11, 14

United States v. Davis, 624 F.3d 508 (2d Cir. 2010).............................................................. passim

*United States v. Garcia*, 291 F.3d 127 (2ⁿᵈ Cir. 2002) ................................................................. 13

*United States v. Guardia, 135 F.3d 1326 (10th Cir. 1998)*...................................................... 5, 9, 10

*United States v. Hitt,* 981 F.2d 422 (9ᵗʰ Cir. 1992)...................................................................... 15

*United States v. Larson*, 112 F.3d 600 (2d Cir. 1997) ................................................................... 4

*United States v. McCallum*, 584 F.3d 471 (2d Cir. 2009) ................................................. 6, 8, 12, 13

*United States v. Mercado*, 573 F 3.d 138 (2d Cir. 2009)................................................................ 12

*United States v. Pardo,* 636 F.2d 535 (D.C.Cir. 1980)................................................................ 16

*United States v. Schaffer,* 851 F.3d 166 (2d Cir.2017) ................................................................. 13

United States v. Sioux, 362 F. 3d 1241 (9ᵗʰ Cir. 2004) ................................................................. 14

## Statutes

Rule 403 ....................................................................................................................4, 11, 17
Rule 413 ......................................................................................................................... passim
The Fifth Amendment of the United States Constitution................................................... 4, 12, 16

## I.     PRELIMINARY STATEMENT

The defendant respectfully submits this memorandum of law in opposition to the Government's motion in limine to admit evidence that the defendant engaged in similar sexual misconduct with other victims pursuant to Rule 413 of the Federal Rules of Evidence. The Government seeks to introduce uncharged allegations to argue that Defendant has a propensity to commit sexual assault in a prosecution alleging that Defendant raped a woman in her 20's after allegedly drugging her drink and/or serving her alcohol. [1]

Although Rule 413 allows the admission of certain prior sexual assault evidence, it does not eliminate this Court's obligation to safeguard Defendant's constitutional right to due process, nor does it override Rule 403 of the Federal Rules of Evidence. The evidence which the government seeks to introduce is minimally probative, highly prejudicial, and risks turning this trial into an improper character referendum.[1]

For the reasons set forth below, the defendant respectfully submits that the Court should deny the government's motion in its entirety.

## II.     ARGUMENT

A.     ADMISSION OF UNCHARGED ALLEGATIONS RAISES SERIOUS DUE PROCESS CONCERNS

The Fifth Amendment of the United States Constitution guarantees that a criminal conviction must rest upon proof beyond a reasonable doubt of the charged offense not on character, reputation, or prior accusations. While the Supreme Court has not held that Rule 413 is facially

---

[1] Rule 413(a) provides that in a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. However, the Second Circuit has made clear that Rule 403 balancing remains mandatory. *See*: *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997). Under Rule 403, evidence must be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or waste of time.

unconstitutional, it has recognized that admission of prior misconduct evidence may violate due process where it renders the trial fundamentally unfair. *See: Dowling v. United States, 493 U.S. 342, 352 (1990); Estelle v. McGuire, 502 U.S. 62, 75 (1991).* The danger is particularly acute where the Government seeks to introduce mere allegations rather than adjudicated convictions.[2] The defendant has never been arrested for, or convicted of, any of the allegations made by Jane Doe #2, Jane Doe #3, or Jane Doe #5. With respect to the allegations made by Jane Doe #4, the defendant was arrested, tried and found not guilty of aggravated battery. Moreover, the charges the defendant was convicted of at that trial were overturned and never retried.

As debated during the enactment of Rule 413, legislators warned that admitting any allegation at all risks undermining the presumption of innocence and cautioned that this rule is bad public policy that turns our system of due process on its head. *140 Cong. Rec. H8990–92 (daily ed. Aug. 21, 1994).* The Government's attempt to introduce uncharged allegations in this case raises precisely theses constitutional concerns and threatens the presumption of innocence by superseding proof beyond a reasonable doubt with a smear campaign on the defendant's character.

B.      RULE 403 BALANCING REQUIRES EXCLUSION

Even when Rule 413 applies, balancing the probative value of uncharged allegations in regard to similarity, temporal proximity, frequency, intervening circumstances, and reliability under Rule 403 remains mandatory. *See: United States v. Guardia, 135 F.3d 1326, 1331 (10th Cir. 1998).* Historically, district courts within the Eastern District of New York have emphasized the necessity of careful scrutiny before admitting such evidence and we are certain that this Court will follow suit.

---

[2] Representative John Kyl recognized that the archetypal case in which this evidence should be admitted is one in which "there is a clear pattern of conduct by an accused who has been convicted of similar conduct". (stmt recorded at 140 Cong. Rec. 15, 209 (1994))

### i. Limited Probative Value

The charged conduct involves allegations of drink-spiking followed by non-consensual intercourse. If the prior allegations differ in material respects—such as absence of alleged intoxication, different circumstances, or lack of forensic corroboration, their probative value is diminished. <u>See</u>: *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009). Additionally, uncharged allegations lack the reliability of convictions and risk introducing speculative accusations into the record. Here, any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

### ii. Extraordinary Risk of Unfair Prejudice

Sexual assault allegations carry unique emotional force. The Supreme Court has warned that evidence that invites a jury to convict on an improper emotional basis must be carefully scrutinized. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, the jury would inevitably infer that if Defendant committed similar acts before or after, he must have committed the charged offense. That inference is precisely the type of character reasoning Rule 403 seeks to prevent when its prejudicial effect substantially outweighs probative value.

### iii. Risk of Mini-Trials and Jury Confusion

Admission of prior allegations would require testimony from additional witnesses, credibility assessments, and rebuttal evidence. This would result in mini-trials on collateral matters, confusing the jury and diverting attention from the charged conduct. <u>See</u>: United States v. Davis, 624 F.3d 508, 514 (2d Cir. 2010). Mr. Merrone would be compelled to introduce correspondence between Mr. Merrone and each Jane Doe at issue, medical records, civilian and expert witnesses, some of which may also be internationally located at the time of trial, and statements by each Jane Doe to others in order to defend against each Rule 413 allegation.

C.     ANALYSIS OF EACH PROFFERED ALLEGATION

The Government seeks to admit three separate uncharged allegations involving Jane Does #3(1999), #4 (2011), and #5 (2021). These allegations span more than twenty years, occurred in different jurisdictions, and present widely divergent evidentiary postures. Nevertheless, the Government asserts a common pattern based largely on the presence of alcohol and memory loss. The defendant contends that these similarities are superficial and the differences are substantial. That the allegations involved alcohol and memory loss is typical of cases charged as nonconsensual with no use of force.[3]

A careful review of the Government's memorandum demonstrates that the alleged incidents involving Jane Does #3, 4 and 5 differ materially from the charged conduct in several critical respects. Although the Government characterizes these incidents as demonstrating a consistent pattern of alcohol-facilitated sexual assault, the factual differences between the allegations substantially outweigh any superficial similarities.   Courts evaluating Rule 413 evidence consistently examine the degree of similarity between the charged conduct and the alleged prior acts. _See_: _United States v. Davis,_ 624 F.3d at 512-13 (2d Cir. 2010). Where alleged incidents differ significantly in their circumstances, their probative value is substantially diminished. _See: United States v. Aminy,_ 15 F.3d 258, 260-61 (2d Cir. 1994).  These distinctions significantly reduce the probative value of the proposed evidence and reinforce the conclusion that admission would create unfair prejudice under Rule 403.

---

[3] Studies show that at least 50% to over 70% of sexual assaults on college campuses involve alcohol consumption by the perpetrator, the victim, or both. Approximately 90% of rapes perpetrated by an acquaintance of the victim involve alcohol, and in cases of alcohol-facilitated sexual assault, research indicates that 84% of female victims reported voluntary use of substances (primarily alcohol), suggesting the assault occurred while the victim was incapacitated. See https://alcohol.org/health-effects/sexual-assault-college-campus/

i.   <u>Jane Doe #1 & Jane Doe #2</u>

According to the Government's memorandum and indictment, the charged conduct occurred in September 2019 while Mr. Merrone was serving as captain aboard a training vessel participating in the Sea Year Program. The defendant allegedly invited two cadets, Jane Doe #1 and Jane Doe #2 to his stateroom for a 'soda,' poured alcohol which was prohibited on the vessel from an already open bottle, and engaged in sexual conduct with Jane Doe #1 after the alleged victims experienced memory loss. The Government emphasizes several features of the charged conduct including the supervisory relationship, that the incident occurred upon a training vessel, and alcohol contributed to incapacitation after which nonconsensual sexual conduct occurred. According to the Government's disclosures, there were no witnesses to the sexual assault, the complainant has no memory of it, there was a significant delay in reporting, and an absence of corroborating medical records. The Government will also introduce evidence that Mr. Merrone took a photograph of the complainant the night of the incident. This photograph depicts the complainant fully dressed holding handfuls of cash—clearly in jest.

The Government relies on these alleged facts to argue that the alleged uncharged incidents reflect a broader pattern of misconduct. However, courts evaluating Rule 413 evidence caution that superficial similarities are insufficient to establish a meaningful pattern. *See: United States v. McCallum*, 584 F.3d at 476 (2d Cir. 2009). Instead, the alleged incidents must demonstrate sufficiently distinctive similarities to justify an inference of a common scheme. *Aminy,* 15 F.3d at 260.

ii.   <u>Jane Doe #3 (1999 – Italy)</u>

The Government describes the Jane Doe #3 allegation as occurring during a port visit in Pompeii, Italy in 1999, when both the defendant and Jane Doe #3 were students at the Merchant

Marine Academy. The circumstances differ significantly from the charged conduct. In the charged conduct, the Government alleges that the defendant was the captain of the vessel and therefore in a supervisory role over cadets. By contrast, the defendant and Jane Doe #3 were fellow students and classmates during the 1999 incident. This distinction is significant. Courts evaluating Rule 413 evidence frequently consider whether the alleged acts occurred within a similar relational dynamic. *See*: *Johnson v. Elk Lake School District,* 283 F.3d 138, 155-56 (3d Cir. 2002). Where the relationship between the parties differs substantially, the probative value of the evidence decreases. Here, the parties were equals.

Additionally, the charged conduct occurred aboard a training vessel at sea whereas the Jane Doe #3 allegation occurred in a public bar during shore leave in Italy. Courts have recognized that significant differences in setting weaken the inference that two incidents reflect a common scheme. *See: United States v. Guardia,* 135 F.3d at 1331 (10th Cir. 1998). With respect to the involvement of alcohol, the Government indicates that Jane Doe #3 had never previously consumed alcohol before the evening in question and voluntarily tried multiple drinks made by the bartender. Thus, unlike the charged conduct, where the Government alleges alcohol was provided by the defendant, the Jane Doe #3 allegation involves voluntary drinking in a social setting.

The Government's motion acknowledges that, following the alleged incident, Jane Doe #3 "subsequently entered into a relationship with the defendant that involved other instances of violence and sexual assault." (Gov't mem. at 5). Admission of such allegations would necessarily require the parties to litigate not merely the alleged 1999 incident, but an undefined series of additional acts occurring during a subsequent relationship between the parties. The Government does not provide dates, locations, details, witnesses or corroboration so these alleged continuing

events are entirely uncharged and undefined.[4] Where the alleged acts cannot be demonstrated with reasonable certainty, their probative value is diminished while the risk of unfair prejudice increases. *See: United States v. Davis* , 624 F.3d at 512-13 (2d Cir. 20210). The resulting inquiry would expand the trial far beyond the charged conduct and require the jury to evaluate multiple disputed events involving different witnesses, locations and circumstances.

These factual differences undermine the Government's attempt to portray the incidents as reflecting a distinctive modus operandi. The over twenty-year temporal gap further attenuates any probative value.[5] Testimony regarding these allegations should be kept out of the courtroom for being both remote and circumstantially different from the charged conduct.

iii.     Jane Doe #4 (2011 – Florida)

Jane Doe #4 claims that in 2011, while she was working at a bar in the Florida Keys, she met Mr. Merrone who was a customer. When she was done with her shift, Jane Doe #4 consumed shots and beer while having a conversation with Mr. Merrone and other patrons. Thereafter, Jane Doe #4 voluntarily went to Mr. Merrone's apartment where she claims Mr. Merrone did not allow her to leave and then forcibly raped her. The material distinctions from the 2019 allegation are as follows: (1) the 2011 incident is alleged to have occurred in a private apartment, not at sea, (2) the alleged victim voluntarily drank at her own bar, (3) the alleged victim voluntarily entered the apartment to allegedly discuss renting a room, (4) there is no allegation of having been drugged. In the charged conduct, the Government emphasizes that the defendant held a position of authority over cadets whereas in this allegation, Jane Doe #4 was an ordinary civilian with no employee relationship to Mr. Merrone who allegedly entered Mr Merrone's apartment to discuss renting a

---

[4] Courts have routinely held that Rule 413 evidence must still have sufficient indicia of reliability and vague allegations reduce probative value: *United States v. Guardia,* 135 F.3d 1326, 1330-31 (10th Cir. 1998)

[5] Courts recognize that remoteness diminishes probative value. See Elk.Lane, 283 F. 3d at 155-56

room. Courts evaluating Rule 413 evidence frequently consider whether the alleged incidents occurred in comparable environments. *Id.*, at 513. Where the incidences arise in entirely different settings, the probative value of the prior act is diminished, and the absence of a professional or supervisory relationship distinguishes the incidents in a significant way.

Although the Government insists that this 2011 incident fits the "pattern" of conduct they are trying to establish, unlike the allegations concerning Janes Does #1, 3, and 5, this case involved allegations of use of force, violence and injuries as well as false imprisonment. It is substantially different than the allegation at issue in the instant matter and substantially more inflammatory insofar as the parties were strangers and violence was alleged.

Another serious concern raised by the Government's proposed use of the Jane Doe #4 allegation is the inevitable creation of what courts refer to as a "trial within a trial". Rule 403 expressly requires courts to consider whether the admission of evidence will result in undue delay, confusion of issues, or the needless presentation of cumulative evidence. The 2011 Florida prosecution of these allegations resulted in a jury rejecting aggravated and sexual battery charges, convicting only of false imprisonment and lesser battery (both of which were later vacated by an appellate court due to evidentiary error). Permitting the government to relitigate the allegations that a Florida jury already rejected risks unfair prejudice and would require the jury to consider wholly collateral issues to whether the Government proved Mr. Merrone guilty beyond reasonable doubt for the Jane Doe #1 incident. The Second Circuit in *United States v. Awadallah,* 436 F.3d 125, 131 (2d Cir. 2006), emphasized that district courts must guard against evidence that would divert the jury's attention from the charged conduct and force the parties to litigate multiple unrelated events.

Jane Doe #4's allegations would require presentation of prior trial evidence, an ear witness, expert testimony and appellate history which would essentially constitute a mini trial. It will not be simple "background evidence" but a retrial of a vacated state prosecution – complete with credibility disputes, forensic disagreements and impeachment battles. *See: United States v. McCallum,* 584 F. 3d at 476-77 (2d Cir. 2009); *United States v. Mercado*, 573 F 3.d 138, 141-42 (2d Cir. 2009). The Government's memorandum reveals that the Florida prosecution involved a complex factual dispute including testimony regarding the alleged victim's injuries, expert testimony about a broken toe and testimony from other witnesses present in the apartment. Since this case ultimately resulted in a contested verdict and then later appellate reversal, the factual issues surrounding that incident remain in dispute. Just because the state has not retried the case as of yet, there is no guarantee that in defending against these allegations, the defendant will not risk additional exposure, thus presenting him with a Fifth Amendment conflict—testify in the instant matter to defend the Rule 413 evidence and risk self-incrimination in a potential Florida retrial, or assert his Fifth Amendment right and risk a wrongful conviction.

If the Court permits the Government to present testimony concerning Jane Doe #4's allegation, the defense would necessarily be required to present substantial rebuttal evidence that would require the jury to evaluate the merits of a decade-old Florida prosecution in order to determine whether the allegation has any relevance to the charged conduct in this case. *See: Old Chief v. United States,* 519 U.S. 172 (1997).

iv.    <u>Jane Doe #5 (2021)</u>

The Government characterizes the alleged incident involving Jane Doe #5 as particularly probative because it purportedly resembles the charged conduct involving Jane Doe #1. Specifically, both incidents allegedly occurred aboard a vessel and involved alcohol consumption

and blackouts by the complainants. While such similarities appear to support admissibility, courts have repeatedly recognized that similarity between alleged acts can significantly increase the risk of unfair prejudice, particularly where the Government relies on those similarities to invite the jury to impermissibly infer that the defendant acted with a propensity. *See: McCallum* 584 F.3d at 471, 476. Similarly in *United States v. Davis*, the Second Circuit emphasized that district courts must ensure that Rule 413 evidence does not invite the jury to convict based on character rather than proof of the charged offense. *Davis,* 624 F.3d at 512-13 (2d Cir. 2010).

Even if the similarities were relevant, those identified by the Government in this situation are very generic, consisting of alcohol consumption, the presence of the parties aboard a vessel and alleged memory loss following drinking. These characteristics are not unique or distinctive enough to support a meaningful inference of a common scheme or modus operandi. *See: United States v. Garcia*, 291 F.3d 127, 137 (2nd Cir. 2002).

Moreover, the nature of relationships differs greatly. Jane Doe #5 became involved in a romantic relationship with Mr. Merrone that later turned into what appears to be a genuine friendship, demonstrated by hundreds of pages of correspondence between the parties long after Jane Doe #5 left the vessel and returned home. The correspondences also include selfies of Mr. Merrone and Jane Doe #5 taken by her throughout their relationship. In *United States v. Schaffer*, the court emphasized that Rule 403 remains the critical safeguard ensuring that sexual propensity evidence does not overwhelm the fairness of the trial. *United States v. Schaffer,* 851 F.3d 166, 180-82 (2d Cir.2017).  To prove the extent and nature of the relationship, Mr. Merrone would proffer lengthy correspondences between himself and Jane Doe #5, as well as correspondences between Jane Doe #5 and Mr. Merrone's son to defend himself against the allegations—turning this Rule 413 conduct into a trial within a trial.

A final reason that Jane Doe #5's allegations should be excluded from this trial. The Government's memorandum indicates that the alleged incident involving Jane Doe #5 occurred in 2021 approximately two years after the charged conduct involving Jane Doe #1. Although subsequent acts are not explicitly excluded by Rule 413, courts have recognized they have limited probative value when used to establish intent regarding earlier conduct.[6]

The proposed testimony of Jane Does #3, #4, and #5 should be excluded under Rule 403 for all of the foreclosed reasons and because it evokes propensity reasoning which the Rule is designed to guard against. The risk of jury distraction and emotional prejudice far outweighs any probative value.

D.     THE CUMULATIVE AFFECT OF ALL PRIOR ALLEGATIONS WILL CREATE SUBSTANTIAL UNFAIR PREJUDICE

Beyond the problems associated with each individual allegation, the Government's motion raises a broader concern under Rule 403: the introduction of testimony from Jane Does #3, 4 and 5 would transform this case into a series of collateral trials concerning alleged incidents spanning more than two decades. As previously mentioned, the Second Circuit recognizes that Rule 403 serves as a crucial safeguard against evidence that would divert the jury's attention away from the issues actually before it. _See: Awadallah,_ 436 F.3d at 131. That concern is particularly acute here.

The Government seeks to present testimony regarding a 1999 allegation involving Jane Doe #3 during a port visit in Italy, a 2011 Florida prosecution involving Jane Doe #4, and a 2021 allegation involving Jane Doe #5 on a different vessel. Each of these allegations involves a different time period, different witnesses, different physical locations and different factual disputes

---

[6] United States v. Sioux, 362 F. 3d 1241 (9th Cir. 2004)

which the jury will be asked to evaluate. Each allegation would require the presentation of additional witnesses, extensive cross examination, and the introduction of additional evidence effectively creating three collateral trials within the present trial, dramatically expanding the scope of the case and risking jury confusion. This kind of evidence is routinely excluded where admission would require the parties to litigate multiple unrelated incidents in the matter. <u>See</u>: *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992).

E.     <u>THE INTRODUCTION OF THIS UNCHARGED CONDUCT RAISES SUBSTANTIAL CONSTITUTIONAL CONCERNS</u>

The Government's proposed use of multiple uncharged allegations raises several constitutional concerns. The Constitution guarantees that the defendant enters a criminal trial cloaked with the presumption of innocence. [7] When the jury hears multiple accusations that appear similar in nature, that presumption may be substantially eroded. Jurors may subconsciously conclude that the defendant must have committed the charged offense simply because several individuals have made comparable allegations. This danger is heighted when, as here, the Government emphasizes similarities between the allegations in order to portray the defendant as having a particular propensity. Although Congress enacted Rule 413 to allow broader use of propensity evidence in sexual assault cases, courts have consistently recognized that the rule must still be applied in a manner consistent with constitutional guarantees. Courts must exercise caution to ensure that the defendant is not convicted simply because the jury believes he may have engaged in similar conduct on another occasion.

Another concern arises from the likelihood that jurors will use the testimony concerning one Jane Doe to bolster their assessment of Jane Doe #1. The jurors may see these accusations as

---

[7] *Taylor v. Kentucky*, 436 U.S. 478, 483-84 (1978)

mutually reinforcing rather than independently assessing the credibility of each witness. The Supreme Court has emphasized that evidentiary rules must be applied in a manner that preserves the fairness of the criminal process and prevents the jury from convicting based on cumulative speculation rather than specific proof.[8]

The Government's proposed use of multiple uncharged allegations raises a final Constitutional concern: in order to defend against the allegations involving Jane Does #3, 4 and 5, the defendant would be compelled to present evidence addressing events that are not part of the charged offense. This could include testimony from additional witnesses, documentary evidence concerning prior proceedings, evidence contradicting the allegations themselves. In fact, allowing this evidence in would force the defendant to mount three additional defenses to collateral accusations not included in the instant indictment. Fundamental fairness is violated when a defendant is placed in a position where he must either present evidence or risk allowing uncharged allegations to stand before the jury. [9]

Similarly, the Supreme Court has emphasized that the Fifth Amendment protects defendants from being placed in circumstances where the exercise of the right to remain silent creates unfair prejudice before ethe jury. [10] If the defendant elects not to present evidence concerning these collateral issues, the jury will be left only with the Government's version of those allegations. However, if the defendant attempts to rebut the allegations, he may be forced to present testimony or evidence addressing incidents not part of the charged offense. The Constitution does not permit the Government to gain a tactical advantage by placing a defendant in such a dilemma.

---

[8] *Dowling,* 493 U.S. at 352 (1990)
[9] *United States v. Pardo,* 636 F.2d 535, 543 (D.C.Cir. 1980)
[10] *Griffin v. California,* 380 U.S. 609, 614 (1965)

### III.     <u>CONCLUSION</u>

For all of the foregoing reasons, the Government's motion should be denied. The evidence the Government seeks to introduce does not concern the charged conduct in this case. Instead, it consists of three separate and highly disputed allegations spanning more than two decades, arising in entirely different contexts and involving different individuals, relationships and circumstances. The admission of this testimony would dramatically expand the scope of the trial and require the parties to litigate a series of collateral disputes.

Allowing testimony from Jane Does #3, 4 and 5 would transform this proceeding into multiple trials within a trial. Rule 403 exists to prevent precisely this type of unfair prejudice, jury confusion and diversion of the trial's focus. Temporal remoteness (1999), prior jury rejection (2011), and subsequent conduct (2021) each reduce probative value while increasing prejudice.[11] Furthermore, the asserted commonality regarding presence of alcohol does not establish a distinctive modus operandi. [12]

The Government's motion seeks to place before the jury a series of inflammatory accusations whose limited probative value is substantially outweighed by the dangers identified in Rule 403. The introduction of this evidence would certainly invite the jury to convict based on cumulative speculation and character inference.

Accordingly, the Court should exclude the proposed testimony concerning Jane Does #3, 4 and 5 and deny the Government's motion to admit uncharged acts under Rules 413 and 404(b) in its entirety.

---

[11] *Elk Lake S.D.,* 283 F.3d 138, 155-56 (3d Cir. 2002)
[12] *Aminy*, 15 F.3d at 260-61 (2d Cir. 1994)

Dated: March 6, 2026

**BARKET EPSTEIN KEARON
ALDEA & LOTURCO, LLP**

By:    _/s/ Aida Ferrer Leisenring /s/_
AIDA FERRER LEISENRING, ESQ.

_/s/ Bruce A. Barket /s/_
BRUCE A. BARKET, ESQ.

_/s/ Nicole M. Aloise /s/_
NICOLE M. ALOISE, ESQ.*
*Attorney awaiting EDNY Admission
*Attorneys for the Defendant*
666 Old Country Road, Suite 700
Garden City, NY 11530
(516) 745-1500

15