KCB/RAB
F. #2022R00013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN MERRONE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 25-CR-171 (RER)

THE GOVERNMENT'S VOIR DIRE REQUESTS,
LIST OF NAMES AND STATEMENT OF THE CASE

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Kayla Bensing
Rachel A. Bennek
Assistant U.S. Attorneys
   (Of Counsel)

<u>PROPOSED VOIR DIRE REQUESTS</u>

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court, in addition to the Court's usual <u>voir</u> <u>dire</u>, ask the following questions in jury selection for this case to determine whether there is a basis for any challenge for cause:

1.      The indictment in this case charges the defendant, John Merrone, with aggravated sexual abuse, sexual abuse and abusive sexual contact aboard a bulk carrier vessel traveling from Bahrain to the United States.  The government alleges that, on September 9, 2019, during the course of the sailing, the defendant, the captain of the ship, drugged a woman aboard the ship, without her knowledge or permission, and engaged in unwanted and non-consensual sexual acts and contact with her.  The defendant has pleaded not guilty and is presumed innocent until proven guilty.  Now that you've heard the statement of what the case is about, do you recognize this case, meaning do you have any personal knowledge of the charges in the indictment or facts relating to it, as I have described them to you?

2.      Have you seen or read anything about this case or the defendant?  If so, is there anything you read or heard that would cause you to feel that you cannot decide the case based only on the evidence presented during trial and the instructions on the law that I will give you?

3.      Because of the nature of the charges, you may be required to hear testimony concerning sexual abuse and assault.  Do you have, or has anyone close to you had, any experiences related to sexual abuse, assault or misconduct, including being a victim or witness?  Alternatively, have you or has anyone close to you been accused of sexual abuse, assault or misconduct?   If so, would these experiences affect your ability to be a fair and impartial juror in this case?

4.      Do you have any personal experience where you were accused of something that would make it difficult for you to be a fair and impartial juror in this case?

5.      During the trial, there may be evidence concerning the distribution and use of drugs and alcohol.  Do you feel that you could not decide fairly and impartially—based only on the evidence presented at trial—a case involving such subject matter?

6.      Would you have any difficulty assessing the credibility of a witness testifying about being a victim of sexual assault in the same manner that you would any other witness?

7.      Do you believe that a sex act does not constitute rape or non-consensual sex unless the victim or non-consenting party used physical force to resist the sex act?  In other words, do you believe that a victim or non-consenting party must fight or physically resist for the sex act to be rape or sexual assault?

8.      Do you believe that someone who voluntarily consumed alcohol or drugs could not be incapacitated and unable to consent to have sex?

9.      The event in question in this case happened on a commercial vessel that was in voyage.  Is there anyone here who has had particular experiences on commercial or merchant marine vessels, or in the maritime industry, that would prevent you from fairly evaluating the testimony in this case?

10.      This case may receive attention in the media.  Will you accept the proposition that the only evidence you should consider is the evidence received in this courtroom and that you are to avoid and ignore any statements made by the media?

11.      The government is represented here by the United States Attorney for the Eastern District of New York, Joseph Nocella, Jr.  This trial will be prosecuted by Assistant

United States Attorneys Kayla Bensing and Rachel Bennek.  The government's investigative partner is the Federal Bureau of Investigation ("FBI").  The case agent is Special Agent Chartia Jones.  The government will also be assisted by Marlane Bosler, who is a paralegal in the U.S. Attorney's Office.  Do you know any of these individuals?

12.     Do you have any opinions or beliefs concerning the U.S. Attorney's Office which would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

13.     Do you have any opinions or beliefs concerning law enforcement in general—including the FBI, the Department of Justice, and the United States Coast Guard—that would affect your ability to evaluate the evidence in this case fairly and impartially?

14.     Do you have any opinions — positive or negative — about any law enforcement agency that would make it difficult for you to render a fair and impartial verdict?

15.     Have you, or has anyone close to you, either individually or in the course of business, ever been a party to any legal action or dispute with the United States or with any of the offices, departments, agencies, or employees of the United States, including the FBI, or had any interest in any such legal action or dispute or its outcome?

16.     The defendant in the case is John Merrone.  He is represented by Bruce Barket and Nicole Aloise.  Do any of you know them or have you had any dealings, either directly or indirectly, with them?

17.     Have you or has anyone close to you ever worked for or applied for a position in any aspect of criminal defense work, including being a criminal defense lawyer or a private investigator?

3

18.     Do any of you know, or have any of you had any dealings, either directly or indirectly, with any of the following persons, places, or companies that may be mentioned or who may be witnesses in this case?  [List of individuals, entities and places is attached hereto as Exhibit A].  Do you have any kind of relationship with these persons, places or companies that would affect your ability to be a fair and impartial juror?

19.     Have you previously served as a juror in a criminal matter and, if so, did the jury upon which you served reach a verdict?  Did you serve as the foreperson?

20.     [If applicable]:  Multiple witnesses will be testifying under a pseudonym. I will instruct you that this is entirely proper and is a common procedure in cases like this one. Nevertheless, have you formed an opinion about the propriety of testimony provided under a pseudonym?  Does that opinion affect your ability to assess the credibility of that witness just like you would any other witness?

21.     It is the law that the testimony of a single witness can be sufficient to convict a defendant of a charged crime if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt.  Do you have any opinion or belief about that law that would prevent you from applying this rule of law?

22.     Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, she or he might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

23.     At various times during the case, the Court will instruct you about the applicable law.  It is your obligation to follow the law, whether you agree with it or not.  Do you agree to follow the law as the Court gives it to you, even if you disagree with the law or the way it is written?

4

24.     Is there anything that we have not directly addressed regarding this case that would make it difficult for you to be a fair and impartial juror in this case?

CONCLUSION

The government respectfully requests that the Court include the foregoing in its *voir dire* to the jury.  In addition, the government requests the opportunity to submit further requests or amend those submitted as appropriate.

Dated:     Brooklyn, New York
           April 20, 2026

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:        _____/s/_____
           Kayla Bensing
           Rachel A. Bennek
           Assistant United States Attorneys
           (718) 254-6279/6140

cc:     Clerk of the Court (RER) (By ECF)
        Bruce Barket, Esq. (By ECF)
        Nicole Aloise, Esq. (By ECF)

5

LISTS OF NAMES AND PLACES[1]

1. Melissa Aiello

2. Bernard Baker

3. Jared Bennett

4. Brian Billmyre

5. Cameron Brunick

6. John Cavicchi

7. Daniel Culhane

8. Kania Edelberg

9. Blake Elston

10. ██████████

11. ████████

12. █████████

13. ██████████

14. Monica Garelle

15. Lauren Granger

16. Hidaya Helen

---

[1]   The highlighted names, redacted for public filing, have been previously provided to the defense.  The government respectfully requests that, for purposes of jury selection, the Court omit these names from the list of names distributed to the jury pool, and that these names only be distributed to those potential jurors who survive challenges for cause.  The government proposes that the Court distribute the names of these individuals, which are the names of victims or family members, on paper, to the potential jurors who remain after the Court rules on for-cause challenges to ascertain whether the jurors know these individuals.  The government further requests that the Court instruct the jurors not to use these names in open court so as to protect their identity.

17. Marc LeBeau, PhD

18. Malorie Lipman, MD

19. Jeremiah Lyons

20. Grace McHugh

21. Gunter Meza

22. John Osolin

23. FBI Special Agent Michael Pecas

24. Jeff Powell

25. ███████████

26. ███████████

27. Jake Rondeau

28. Matt Sanford

29. ███████████

30. Rebecca Serosky

31. Patrick Showell

32. Steven Smith

33. Barbara Sover

34. Nicholas Stanislaw

35. Melissa Pierce Terry

36. Dany Wahba

37. David Weist, MD

A.   <u>Other Entities</u>

1.   American Roll-On Roll-Off Carrier ("ARC")

2.   Liberty Maritime Corporation

3.   M/V Liberty Glory

4.   TOTE Maritime

5.   United States Merchant Marine Academy