

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

April 22, 2026

**<u>Via ECF</u>**
Hon. Ramon E. Reyes, Jr.
United States District Court Judge
United States District Court – Eastern District of New York
225 Camden Plaza E.
Brooklyn, New York 11201

Re: ***United States v. John Merrone***
     **Index No.: 25-CR-171**

Dear Judge Reyes:

We write in response to the Government's letter regarding Mr. Merrone's medical condition and their opposition to changing the trial date.

First, the Government makes the same mistake in the letter to the Court that it made in the email it sent to counsel Saturday evening at 8:36 p.m., implying that the surgery on the 20th was elective or optional, and that the surgery on the 20th, as opposed to Mr. Merrone's underlying condition, is the cause of his inability to travel. Neither assertion is accurate. The surgery was necessary because the MRI on Friday the 17th revealed spinal hematoma that needed to be addressed as soon as possible. The MRI was ordered because the surgery on April 7, 2026, did not alleviate the pain and other symptoms Mr. Merrone was experiencing.

We notified the Government as soon as we learned that there was a possibility that there may be a problem because we were aware of and sensitive to the scheduling issues that had been outlined. We did not tell the Government that we would not ask for the trial to be moved. We told them that we hoped that such a request would not be necessary. Unfortunately, the information we received today coupled with the conversation we had with Mr. Merrone's doctor compelled us to make this request. The proposition that the Government had a right to object to the timing of Mr. Merrone's medical treatment, or that he should have waited at least four weeks in severe pain with

1

a hematoma near his spine before having necessary surgery—surgery that his doctor believed was required on this past Monday—is without merit and should be rejected.

Obviously, Mr. Merrone has privacy rights, or a doctor patient privilege, regarding his medical treatment, rights that he now must waive because he is making this application.  As we wrote, we had hoped to proceed with the trial as scheduled. It was not until today that we learned from his doctor that his condition prevents him from traveling and from even standing or sitting for more than a few minutes at a time.

We have requested that Mr. Merrone's medical records be provided expeditiously, and we have informed the Government of each medical update on Mr. Merrone's condition, as soon as we received them.

Other than the proposed Voire Dire, I believe we have kept up with the Court's scheduling orders and are still working toward preparing for trial as best we can without much input from our client at this critical stage.

We acknowledge the scheduling issues outlined by the Government and do not make this request lightly.  We do so only because Mr. Merrone's treating physician wrote that if his treatment were to be altered, he may die.  While the acute problems of having witnesses travel to testify must be addressed, that should not trump Mr. Merrone's right to receive medical treatment or mandate that he should risk dying so the witnesses do not have to alter their schedules.

Lastly, and respectfully, there are not any "victims" here, as our client is presumed innocent. There is one complainant and several 404b witnesses the Government has chosen to call. It is Mr. Merrone who is charged with a serious federal offense, an offense which he strenuously denies.  He is on trial alone, and it is his day in court.  It is he who faces a life altering event should he be convicted. He is the one accused of a sex crime, and it is he who must defend himself and perhaps testify.  It is his trial and it is his rights that are at issue.

We believe that the request should be granted.

Respectfully yours,

/s/ *Bruce Barket*
Bruce A. Barket, Esq.
*Attorney for the Defendant*

2