**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
United State of America

      -against-

John Merrone

---------------------------------------------------------X

**Order on Motions in Limine**

25-CR-171 (RER)

**RAMÓN E. REYES, JR., District Judge:**

John Merrone ("Defendant" or "Merrone") is charged with one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(b); one count of sexual abuse, in violation of 18 U.S.C. § 2242(2); and three counts of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(b), 2244(a)(1), and 2244(a)(2). (ECF No. 1). Jury selection is scheduled to begin on July 13, 2026.

In two prior orders, this Court decided the parties' previous motions *in limine*. (*See* ECF Nos. 35, 56). Now before the Court is the government's motion to preclude the testimony of the defendant's experts. (ECF Nos. 54, 55, 60). Mr. Merrone opposes. (ECF No. 59).

For the reasons set forth below, the Court grants in part and denies in part the government's motion to preclude defendant's expert testimony.

*    *    *

Mr. Merrone seeks to present the expert testimony of Dr. Jimmie Valentine regarding alcohol and substances used in drug facilitated sexual assaults. (ECF No. 54-1 ("Valentine Report")). Dr. Valentine is board certified in applied pharmacology and has

experience in the pharmacology of alcohol and drugs acting on the central nervous system. (*Id.* at 1).

First, the Court precludes Dr. Valentine from offering his opinions and drawing conclusions related to the conduct of Jane Does #1 and #2. Specifically, any opinion that the conduct and demeanor of Jane Does #1 and #2 are more consistent with voluntary alcohol intoxication rather than a controlled substance is precluded. As the government argues, offering this opinion would substitute expert opinion for the jury's factual determinations. It is well-settled that "expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702." *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (precluding expert testimony where the expert's statements "essentially" instructed the jury on the credibility of witnesses, a determination exclusively tasked to the jury). Although Dr. Valentine may offer his opinion about the effects of alcohol and drugs generally, any speculation that the behavior of Jane Does #1 and #2 was more consistent with voluntary alcohol intoxication "would constitute an impermissible credibility assessment." *U.S. v. Alexander*, 24-CR-676 (VEC), 2025 WL 3564329, at *8 (S.D.N.Y. Dec. 12, 2025).

Next, Mr. Merrone seeks to present expert testimony of Forensic Nurse Examiner Beth A.W. Bryant regarding Jane Doe #1's symptoms and diagnosis of a certain sexually transmitted disease following her visit to an urgent care after the alleged sexual assault. (ECF No. 54-2 ("Bryant Report")). As previously ordered, any testimony regarding Jane Doe #1's STD test results, including expert testimony, would be irrelevant and is

precluded. (ECF No. 56 at 8). Ms. Bryant may testify *only* if Jane Doe #1 opens the door by discussing the results of her test.

*    *    *

Accordingly, the Court grants in part and denies in part the government's letter to preclude defendant's expert testimony.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 7, 2026
        Brooklyn, New York

3