

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

July 9, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

 - against –

JOHN MERRONE,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No.: 25-CR-171

Good afternoon,

The parties write to address the Court's proposed jury question #31 on the effect of voluntary alcohol or drug consumption on consent. The Court's Proposed Jury Question #31 – previously the Government's Proposed Jury question #8 – currently reads as follows: "Do you believe that someone who voluntarily consumes alcohol or drugs cannot be incapacitated and unable to consent to have sex?" The defense believes the current wording is confusing and, as it includes a double-negative ("cannot be incapacitated and unable"), risks obscuring the substance of the inquiry and may lead to inconsistent or unclear responses during voir dire.

The defense therefore wishes to revise the question to improve clarity for the jury, and – crucially – ourselves. Specifically, the defense proposes the following:

1) Do you believe that someone who voluntarily consumes alcohol or drugs and becomes intoxicated can still engage in consensual sex?
2) On the other hand, do you believe that someone can voluntarily consume enough alcohol or drugs to become so incapacitated that they are unable to engage in consensual sex?

This version preserves the substance of the inquiry while presenting it in a more direct and understandable form.

The government does not believe that the Court's wording is unclear. The government maintains that the Court's formulation is clearer and more precise, and for that reason does not agree that the question should be split or rephrased.

Additionally, following the parties' discussion with the Court, the defense respectfully proposes the inclusion of the following additional voir dire questions to assist in identifying potential juror bias concerning the distinction between workplace misconduct and criminal conduct:

1.) Do you believe that inappropriate conduct in the workplace is different from sexual assault?
2.) Do you believe that a person can engage in conduct that may be inappropriate for the workplace without committing a crime?
3.) Mr. Merrone is not charged with violating policy or committing a civil offense such as creating a hostile or inappropriate workplace, nor is he charged with sexual harassment. He is charged with federal crimes as I have explained. Can you assure the parties that you will follow the law and determine whether or not the Government has proved beyond a reasonable doubt that he violated the federal crimes with which he is charged regardless of whether or not you believe he violated policy or committed a civil offense?

These questions are intended to ensure that jurors can fairly distinguish between conduct that may be objectionable or policy-violative and conduct that meets the legal elements of a criminal offense.

Respectfully submitted,

/s/

Bruce A. Barket  & Nicole M. Aloise

Attorney for John Merrone