

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB/RAB
F. #2022R00013

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 9, 2026

<u>By ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Merrone
     <u>Criminal Docket No. 25-171 (RER)</u>

Dear Judge Reyes:

   The government respectfully submits this letter in response to the defendant's filing earlier today regarding requested voir dire questions. ECF No. 63. At the pretrial conference earlier this week, the defendant requested that the Court include in the voir dire a question to potential jurors ensuring their ability to distinguish between workplace misconduct and criminal misconduct (the "Workplace Misconduct Question"). The Court directed the parties to file a joint letter with either a joint proposal or each party's proposal.

   Today, the defendant filed a letter proposing both a Workplace Misconduct Question and a proposed revision to a separate jury question that the Court already addressed at the pretrial conference—question 31—regarding the incapacitation of an individual who voluntarily consumes alcohol (the "Consumption of Alcohol Question"). <u>See</u> Proposed Voir Dire ¶ 31. The defendant submitted this filing without seeking the government's position on the Workplace Misconduct Question.[1] Accordingly, the government submits its proposal with respect to the Workplace Misconduct Question separately. The government objects to the

---

   [1] On July 8, 2026, the defendant provided the government with a proposed Consumption of Alcohol Question. The government advised the defendant that the parties were directed to provide a proposed Workplace Misconduct Question and advised that if the defendant wished to propose a question on the topic raised with the Court (workplace misconduct), the government would provide its position. That email correspondence is attached hereto as Exhibit A. The defendant disagreed and advised he would submit a letter on the Consumption of Alcohol Question, to which the government provided its position. <u>See</u> Ex. A.

inclusion of three separate questions on this issue, as proposed by the defendant, ECF No. 63 at 2, and, instead, proposes the following question:

> You may hear evidence that certain employment policies were violated or certain workplace misconduct took place. Can you assure the parties that you will follow the law and determine whether or not the Government has proved the criminal charges beyond a reasonable doubt regardless of whether or not you believe the defendant violated any employment policies or engaged in any workplace misconduct?

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     \_\_\_\_\_/s/_____
Kayla Bensing
Rachel A. Bennek
Assistant U.S. Attorneys
(718) 254-6279/6140

cc:  Clerk of Court (RER) (by ECF)
    Counsel for the defendant (by ECF)